1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE GRAHAM CHOATE,<br><br>Plaintiff,<br><br>v.<br><br>DAVID ROBINSON, et al.,<br><br>Defendants. | No. 1:20-cv-01252-EPG<br><br>ORDER ALLOWING PLAINTIFF'S COMPLAINT TO PROCEED ON PLAINTIFF'S CLAIMS AGAINST JOHN DOE 1 AND JOHN DOE 2 FOR FAILURE TO PROTECT AND RETALIATION<br><br>(ECF No. 10)<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF A COPY OF FORM AO 88B AND FORM USM-285<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff George Graham Choate ("Plaintiff") is a prisoner[1] proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on September 3, 2020. (ECF No. 1). The Court issued a screening order on October 7, 2020, (ECF No. 6), and Plaintiff filed a First Amended Complaint on February 4, 2021 (ECF No. 10), which is before this Court for screening.

For the reasons that follow, the Court will allow this action to proceed on Plaintiff's claims against defendants John Doe 1 and John Doe 2 for failure to protect and retaliation.

As the Court has found that all of Plaintiff's claims should proceed past screening, the

---

[1] Plaintiff does not state if he is a pretrial detainee or sentenced prisoner. Given that Plaintiff is incarcerated at Kings County Jail, the Court has screened Plaintiff's complaint with the assumption that Plaintiff is a pretrial detainee.

Court would ordinarily authorize service of process on the defendants. However, as Plaintiff has only sued Doe defendants, the Court will instead allow Plaintiff to subpoena documents from the Kings County Jail that may allow him to identify the Doe defendants. If Plaintiff is able to identify the Doe defendants, he should file a motion to substitute the named individuals in place of the Doe defendants no later than 120 days from the date of service of this order. If Plaintiff fails to identify Doe defendants, they will be dismissed without prejudice.

## I.      SCREENING REQUIREMENT

The Court is required to screen complaints brought by inmates seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the inmate has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis*, the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc*., 572 F.3d 677, 681 (9th Cir. 2009) (citation and quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal

2

pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that pro se complaints should continue to be liberally construed after *Iqbal*).

## II.     ALLEGATIONS IN THE COMPLAINT

Plaintiff alleges the following in his first amended complaint:

On July 1, 2020, Plaintiff was shackled with waist chains and leg irons to go to Court. Plaintiff was told to stand in the hall outside of the pod Plaintiff was in, which is Ad-Seg.  While on the wall, the two escort officers (John Doe 1 and John Doe 2) brought another Ad-Seg inmate to go to Court.  John Doe 1 and John Doe 2 did not put waist chains and leg irons on the other inmate before being escorted out of the Ad-Seg pod, which is department policy.  All he had was his hands cuffed in front of him.

When the other inmate came out of the pod, he rushed Plaintiff, hitting Plaintiff with his hands and head, causing injury to Plaintiff's eye, face and ear, and breaking Plaintiff's glasses. Later on, Plaintiff was told by John Doe 1 and 2 that they "Let it happen" because of Plaintiff's first lawsuit on Sr. Deputy P. Fowler.

## III.    SECTION 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979*)); see also Chapman v. Houston Welfare Rights Org*., 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under

color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *Iqbal*, 556 U.S. at 676-77; *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 based on a theory of supervisory liability, a plaintiff must allege some facts that would support a claim that the supervisory defendants either personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of

4

constitutional rights' and is 'the moving force of the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (citations and internal quotation marks omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). For instance, a supervisor may be liable for his "own culpable action or inaction in the training, supervision, or control of his subordinates," "his acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) (internal citations, quotation marks, and alterations omitted).

## IV.    ANALYSIS OF PLAINTIFF'S CLAIMS

### A.    Failure to Protect Claim

The Ninth Circuit has set forth the following guidance regarding claims for failure to protect for pretrial detainees under the Fourteenth Amendment:

> [T]he elements of a pretrial detainee's Fourteenth Amendment failure-to-protect claim against an individual officer are:
>
> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
>
> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
>
> (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and
>
> (4) By not taking such measures, the defendant caused the plaintiff's injuries.
>
> With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily turn[] on the facts and circumstances of each particular case.

*Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (alteration in original) (footnote, citation, and internal quotation marks omitted).

Based on the allegations in the First Amended Complaint, Plaintiff has alleged sufficient facts to state a claim for a failure to protect under the legal standards set forth above. Plaintiff alleges that two escort officers, John Doe 1 and John Doe 2, made an intentional decision to allow

an inmate from Ad-Seg to exit the pod without waist chains and leg irons.  This lack of full restraints put Plaintiff at risk of suffering serious harm because Plaintiff was fully restrained.  A reasonable officer would have appreciated the high degree of risk involved because policy states that Ad-Seg inmates must have waist chains and leg irons.  By not fully restraining the other inmate, he was able to assault Plaintiff, which resulted in injury.

### B.  Retaliation Claim

There are five basic elements to a First Amendment retaliation claim: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

Based on the allegations in the First Amended Complaint, Plaintiff has alleged sufficient facts to state a claim for retaliation in violation of the First Amendment.  He has alleged that two escort officers, John Doe 1 and 2, stated that they "let it happen," i.e. the release of another inmate without sufficient restraints, because of Plaintiff's previous first lawsuit on another deputy.

## V.   IDENTIFYING DOE DEFENDANTS

As the Court has found that all of Plaintiff's claims should proceed past screening, the Court would ordinarily authorize service of process on the defendants.  However, there are no named defendants.  Therefore, instead, the Court will send Plaintiff a subpoena form (form AO 88B) to complete and return, which he shall complete and return within thirty days of the date of service of this order, so that he can subpoena documents from the Kings County Jail that may allow him to identify the Doe defendants.

When completing the subpoena form, Plaintiff should only request documents that may assist him in identifying the doe Defendants.[2]  He should also identify with specificity the documents he is seeking.

---

[2] The Court is not opening discovery generally.  It is only allowing Plaintiff to subpoena documents that may allow him to identify the Doe defendants.

Once Plaintiff has completed and returned form AO 88B and form USM-285, the Court will direct the United States Marshals Service to serve the subpoena on the Kings County Jail.[3] The Court notes that it may limit Plaintiff's request for production of documents.

If Plaintiff is able to identify the Doe defendants, he should file a motion to substitute the named individuals in place of the Doe defendants no later than 120 days from the date of service of this order.

## VI.   CONCLUSION AND ORDER

The Court has screened Plaintiff's First Amended Complaint and finds that the following claims should proceed past screening: Plaintiff's claims for failure to protect and retaliation against two escort officers at Kings County Jail, John Doe 1 and John Doe 2.

As Plaintiff has only sued Doe defendants, the Court will allow Plaintiff to subpoena documents from the Kings County Jail that may allow him to identify the Doe defendants.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. This action proceed on Plaintiff's claims for failure to protect and retaliation against two escort officers at Kings County Jail, John Doe 1 and John Doe 2;

2. The Clerk of Court is directed to send Plaintiff a copy of form AO 88B and a copy of form USM-285;

3. Plaintiff has thirty days from the date of service of this order to complete and return form AO 88B and form USM-285;

4. Plaintiff has 120 days from the date of service of this order to file a motion to substitute named defendants in place of the Doe defendants; and

5. Failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated:   **February 24, 2021**                     /s/ Erica P. Grosjean

                                                UNITED STATES MAGISTRATE JUDGE

---

[3] If after being served with the subpoena, the Kings County Jail fails to respond or objects to providing documents, Plaintiff may file a motion to compel.  The motion must be filed with the Court and served on the Kings County Jail.