1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10

11    GEORGE GRAHAM. CHOATE,                    Case No.  1:20-cv-01252-EPG (PC)

12                    Plaintiff,               FINDINGS AND RECOMMENDATIONS
                                               RECOMMENDING THAT THIS ACTION BE
13        v.                                   DISMISSED WITHOUT PREJUDICE DUE
                                               TO PLAINTIFF'S FAILURE TO
14    DAVID ROBINSON, et al.,                  PROSECUTE THIS CASE AND FAILURE
                                               TO COMPLY WITH A COURT ORDER
15                    Defendants.
                                               OBJECTIONS, IF ANY, DUE WITHIN
16                                             FOURTEEN (14) DAYS

17                                             ORDER DIRECTING CLERK TO ASSIGN A
                                               DISTRICT JUDGE
18

19         Plaintiff George Graham Choate ("Plaintiff") is a prisoner[1] proceeding *pro se* and *in*

20   *forma pauperis* in this action.

21         Plaintiff filed the complaint commencing this action on September 3, 2020. (ECF No. 1.)

22   The Court issued a screening order on October 7, 2020 (ECF No. 6) and Plaintiff failed a First

23   Amended Complaint on February 4, 2021 (ECF No. 10).

24         On February 25, 2021, the Court entered an order allowing Plaintiff's First Amended

25   Complaint to proceed on Plaintiff's claims against John Doe 1 and John Doe 2 for failure to

26   protect and retaliation. (ECF No. 11.)   The Court directed Plaintiff to complete and return a

27   ───────────────
     [1] Plaintiff's complaint did not state if he is a pretrial detainee or sentenced prisoner. Given that Plaintiff was
28   incarcerated at Kings County Jail, the Court screened Plaintiff's complaint with the assumption that Plaintiff was a
     pretrial detainee. (ECF No. 11 at 1.)

                                                  1

subpoena form within thirty (30) days so that he could subpoena documents that may allow him to identify the Doe defendants. (*Id.* at 6-7.) The Clerk of Court served the order by mail, and it was returned as undeliverable on March 10, 2021.

Plaintiff has not responded to the Court's order or filed a notice of change of address.[2] Accordingly, because it has been more than 30 days since the Court ordered Plaintiff to update his address and over 63 days since the earlier order was returned as undeliverable, the Court will recommend that Plaintiff's case be dismissed, without prejudice, for failure to prosecute and failure to comply with a court order.

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Pagtalunan,* 291 F.3d at 642 (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest…. It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...." *Pagtalunan,* 291 F.3d at 642. As described above, Plaintiff has failed to respond to a court order and has failed to update his address. These failures are delaying this case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in

---

[2] "A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." Local Rule 183(b)

and of itself to warrant dismissal." *Pagtalunan,* 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to respond to a court order, to prosecute this case, and to comply with the Local Rule requiring him to keep the parties and the Court apprised of his current address that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's *in forma pauperis* status, monetary sanctions are of little use, and given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Pagtalunan,* 291 F.3d at 642.

After weighing the factors, the Court finds that dismissal without prejudice is appropriate. Accordingly, the Court HEREBY RECOMMENDS that:

1.     This case be dismissed, without prejudice, due to Plaintiff's failure to prosecute this case and failure to comply with a court order; and

2.     The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan,* 923 F.2d 1391, 1394 (9th Cir. 1991)).

1        Plaintiff is also advised that the Court will vacate these findings and recommendations if

2    he updates his current address in accordance with Local Rule 183(b) within the fourteen-day

3    timeframe within which to file objections to the findings and recommendations.

4        Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge

5    to this case.

6    IT IS SO ORDERED.

7

8    Dated:   **June 1, 2021**          /s/ Erica P. Grosjean

                                             UNITED STATES MAGISTRATE JUDGE